## MOORE v. PONDERS.

1. Where the defendant, the maker of a promissory note introduced a wit-
ness who stated that there was no consideration passing from the plaintiff,
the payee, and that the latter was unknown to the former, it is competent
for the plaintiff to ask the witness, if the note was made at the instance of
a third person, and whether there was any consideration passing from
that person to the maker, on which the note was founded, and what it
was.

Writ of Error to the Circuit Court of Lawrence.

THIS was an action of debt, at the suit of the plaintiff in
error, on a promissory note made by the defendant and an-
other person, on whom process was served.   On the trial, the
plaintiff read to the jury the note declared on, and the de-

fendant then introduced a witness, who stated there was no consideration passing from the plaintiff, the payee, to the makers for making the same, and that he was unknown to them. The plaintiff then asked the witness whether the note had been made at the instance and request of Patrick O'Neal, whether there was any consideration passing from O'Neal to either of the makers, on which the note was founded; if so, what was the consideration? To this question the defendant objected, and moved the court to exclude any answer, unless the plaintiff could show that "Moore was privy to the same." The objection was sustained, and the witness not permitted to answer: Thereupon the plaintiff excepted, and his exceptions duly sealed and certified. A verdict was returned for the defendant, and judgment rendered accordingly.

W. COOPER, for the plaintiff in error, to show that the ruling of the circuit court could not be supported, cited Bird v. Daniel, 9 Ala. Rep. 302; 2 Camp. Rep. 36; 3 Id. 320; 8 Mass. Rep. 103; 17 Id. 575; 1 Johns. Rep. 215; 7 Id. 103; 8 Id. 149; 12 Id. 276.

T. M. PETERS, for the defendant, cited 1 Phil. Ev. 131; 6 Ala. Rep. 390, 407, 509; 7 Id. 457; 1 Poth. on Con. 2; Chit. on Con. 3, 4; 1 Salk. Rep. 27; 5 East's Rep. 10; 3 Scott's N. Rep. 121; 4 Id. 77; Noys Max. 24; Broom. Max. 218, 336, 341, 342; 2 Bla. Com. 445; 1 Vent. Rep. 6, 318; 2 Siderf. Rep. 158; Stra. Rep. 592; 2 Queen B. Rep. 859; 4 B. & Ald. 433; 11 Meeson & W. Rep. 641; 8 Id. 790; 7 Id. 633; 5 A. & Ellis' Rep. 548; 4 Scott's N. Rep. 509; 3 Id. 753; 1 Id. 52; 1 Wheat. Selw. N. P. 38, et post; 2 Poth. on Con. 20; 3 Co. Rep. 80; 5 Bac. Ab. 332, notes; 4 East Rep. 75; 2 Dall. Rep. 242.

COLLIER, C. J.—It may well be questioned, whether the fact that the payee of the note was unknown to the makers, and that no consideration moved from him to them, was sufficient to show the want of consideration. But how-

Moore v. Ponders.

ever this may be, it was clearly competent for the plaintiff to show, that although this was literally true, yet the makers were indebted to some third person, and made the note in question in lieu of that indebtedness. If such proof had been made, we can perceive of no objection to the plaintiff's recovery. The substitution of one creditor for another, by the express consent of the defendants, was permissible, and the promise to pay the substituted creditor by note, created a privity between the payee and the makers. If the latter were absolved from their indebtedness to O'Neal by undertaking to pay the plaintiff an equal sum, it is difficult to perceive any foundation for the assumption, that their promise was gratuitous. It is perfectly clear, that as to them it was not a mere *nudum pactum*.

As it respects the makers of the note, it was competent for O'Neal to have made a donation of his demand against them to a third person; and if they recognized such donee as their creditor, by making a note payable to him, they cannot resist its payment by proving that they received no equivalent from the payee. If the donation was in fraud of the rights of creditors, it would be for them to assert their claims, and ask that the demand be subjected to their payment. And if O'Neal had no creditors, the gift would certainly be good against all the world.

Had the examination been allowed to proceed, perhaps the plaintiff would have shown that O'Neal was his debtor, and if this was material, in the order of progression, he should have been allowed, first, to prove that O'Neal was a *bona fide* creditor of the makers. The question proposed to the witness was not *prima facie* inadmissible, but a direct response may have formed a link in the chain of testimony by which the plaintiff proposed to countervail the defence. In every view in which the case has presented itself to us, we are of opinion that the ruling of the circuit court cannot be sustained. The judgment is consequently reversed, and the cause remanded.